```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**MICHAEL W. HILL,**

    **Plaintiff,**

**v.**                                                        **Civil Action No. 1:08CV1**
                                                                     **(Judge Keeley)**

**UNITED STATES OF AMERICA,**
**JOYCE FRANCIS, VALERIE RAPPOLD,**
**KAREN LAMBRIGHT, and**
**ELLEN MACE LEIBSON,**

    **Defendants.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 66], GRANTING DEFENDANTS' RENEWED MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT [DKT. NO. 61], AND DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE [DKT. NO. 1]**[1]

On July 1, 2010, the Honorable James E. Seibert, United States Magistrate Judge ("Magistrate Judge Seibert"), issued a report and recommendation ("R&R") recommending that the renewed motion to dismiss or, in the alternative, motion for summary judgment of the defendants, the United States of America, Warden Joyce Francis ("Francis"), Valerie Rappold ("Rappold"), Karen Lambright ("Lambright"), and Ellen Mace Leibson ("Leibson") (collectively, the "defendants") be granted, and that the plaintiff, Michael W.

---

[1] On June 30, 2010, the magistrate judge entered a report and recommendation ("first R&R"). See (dkt. no. 65). Following the issuance of the first R&R, on July 1, 2010, he entered an amended report and recommendation ("amended R&R"). The sole purpose of this entry was to correct a document reference number in the first R&R. Because the Court adopts the amended R&R in its entirety, it **REJECTS AS MOOT** the first R&R. (dkt. no. 65).

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 66], GRANTING DEFENDANTS' RENEWED MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT [DKT. NO. 61], AND DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE [DKT. NO. 1]**

Hill's ("Hill"), complaint be dismissed with prejudice. In making these recommendations, Magistrate Judge Seibert concluded that Hill failed to exhaust his administrative remedies with respect to his claim for retaliation, and also that his First Amendment, and Fifth Amendment Procedural Due Process claims failed as a matter of law. He concluded further that Hill had failed to establish the predicates for imposing supervisory liability on Francis, Rappold, and Lambright, and also that the individual defendants were entitled to qualified immunity.

The R&R specifically warned that failure to object to its recommendations within fourteen days of receipt would result in the waiver of any appellate rights on these issues. Hill received service of the R&R on or before July 12, 2010.[2] To date, no he has filed objections.[3]

---

[2] On July 12, 2010, a certified mail return receipt was entered on the docket. See (dkt. no. 67). The receipt does not bear a date, but does bear Hill's signature, and confirms his receipt of the amended R&R on or before July 12, 2010.

[3] The failure to object to the R&R not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-53 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-00 (4th Cir. 1997).

**HILL v. UNITED STATES, ET AL.** 1:08CV1

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 66], GRANTING DEFENDANTS' RENEWED MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT [DKT. NO. 61], AND DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE [DKT. NO. 1]**

The Court, therefore, **ADOPTS** the R&R in its entirety (dkt. no. 66), **GRANTS** the defendants' renewed motion to dismiss or, in the alternative, for summary judgment (dkt. no 61), **DISMISSES WITH PREJUDICE** Hill's complaint (dkt. no. 1), and **REJECTS AS MOOT** the report and recommendation entered July 30, 2010 (dkt. no. 65).

It is so **ORDERED.**

The Court directs the Clerk to transmit a copy of this Order to counsel of record, and to mail a copy to the pro se plaintiff, certified mail, return receipt requested.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of this Order to counsel of record.

Dated: August 10, 2010.

/s/ Irene M. Keeley  
IRENE M. KEELEY  
UNITED STATES DISTRICT JUDGE